# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 15, 2021

Lyle W. Cayce
Clerk

No. 20-50951
Summary Calendar

John Davis,

*Plaintiff—Appellant*,

*versus*

City of Andrews, Texas; Anthony De La Cruz,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CV-198

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

This case arises from Officer Anthony De La Cruz's arrest of John Davis for the theft of a truck and a subsequently obtained search warrant for Davis's premises. Davis and the truck owner were involved in an altercation at Davis's place of business, after which Davis blocked the truck from

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50951

leaving. Officer De La Cruz responded to the truck owner's request for assistance. Davis argued that he could retain the truck because the owner owed him money for an unrelated matter and because he had a lien on the truck. Officer De La Cruz concluded that the unrelated matter did not entitle Davis to the truck. He also ran a registration check, which did not show a lien. When Davis refused to release the truck, Officer De La Cruz arrested him for theft. Later that day, Officer De La Cruz obtained a search warrant for Davis's premises. Eventually, the charges against Davis were dropped.

Davis sued Officer De La Cruz and the City of Andrews for violating his constitutional rights. The district court granted summary judgment for Officer De La Cruz and the City on all claims. Davis appeals the rulings that the search warrant and his arrest were supported by probable cause and therefore did not violate the Fourth Amendment. He also appeals the ruling that the City is not liable for failing to train Officer De La Cruz.[1]

Davis first argues that Officer De La Cruz recklessly or knowingly provided false information in his application for the search warrant, without which he could not establish probable cause. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). Specifically, Davis challenges Officer De La Cruz's statement that the registration check did not reveal a lien on the truck. But Davis points to nothing in the record indicating that Officer De La Cruz's statement about the registration check was false. Instead, he argues that Officer De La Cruz "could have informed the reviewing magistrate of Davis's statement that the lien was being processed, and could have checked with the county clerk" to determine whether a lien existed. But that Officer De La Cruz could have done those things does not establish that his statement about the registration check was false. Nor does his failure to do

---

[1] Davis concedes that his other claims fail. They are not at issue in this appeal.

No. 20-50951

those things establish that he knowingly or recklessly disregarded the truth. *See Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) (explaining the knowing and reckless standard). Davis has therefore failed to show a Fourth Amendment violation with respect to the search warrant.

Davis next argues that Officer De La Cruz lacked probable cause to arrest him because the truck owner did not want to press charges. Davis cites no authority, and we are aware of none, that a complainant's desires affect the probable cause analysis. Like with the search warrant, Davis has failed to show that his arrest violated the Fourth Amendment.

Because Davis has not established a constitutional violation, his failure-to-train claims against the City necessarily fail. *See Ratliff v. Aransas Cnty.*, 948 F.3d 281, 285 (5th Cir. 2020) (setting forth elements of a failure-to-train claim against a municipality).

AFFIRMED.